IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRANDON ZURANSKI, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CIRCLE BUICK GMC, INC., )<br>)<br>Defendants. ) | CAUSE NO. 2:17-cv-437 |

## COMPLAINT FOR DAMAGES

Plaintiff, Brandon Zuranski, for his Complaint against Defendant, Circle Buick GMC, Inc., states the following:

### I. Parties

1. Plaintiff was a resident of Lake County, Indiana.

2. Defendant, Circle Buick GMC, Inc., is a business located in Lake County, Indiana.

### II. Jurisdiction and Venue

3. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under the FLSA.

4. This court has jurisdiction to hear these state claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. §1367.

5. Venue in the Northern District of Indiana, Hammond Division, is appropriate by virtue Defendant's doing business in this District.

### III. Factual Allegations

6. Plaintiff began working for Defendant on or about July 28, 2014.

7. Plaintiff worked for Defendant as a detailer.

8. Plaintiff worked for Defendant as a porter.

9. Plaintiff was an hourly employee of Defendant.

10. At the end of Plaintiff's employment, Defendant agreed to pay Plaintiff $10.00 per hour.

11. Plaintiff was eligible to use two weeks of earned vacation time on or about January 1, 2017.

12. Plaintiff earned this two weeks of vacation time by working for Defendant during the 2016 calendar year.

13. Plaintiff earned vacation time on a pro-rata basis between January 1, 2017 and May 10, 2017.

14. Plaintiff worked over 40 hours in a work week during the course of his employment.

15. Defendant failed to pay Plaintiff these hours over 40 hours worked at time and a half.

16. On May 10, 2017, Plaintiff and Eric Druktenis, the owner's son, had a conversation wherein Plaintiff asked if he could be paid his overtime.

17. Mr. Druktenis informed Plaintiff that he had been paid for his overtime hours.

18. Plaintiff acknowledged that he had been paid his straight time for the hours worked, but not time and a half.

19. Mr. Druktenis stated "We agreed to no overtime pay."

20. Plaintiff responded by stating "Yes, but an attorney told me that all overtime is owed."

21. Mr. Druktenis stated "Yeah, you can leave."

22. Plaintiff responded by stating "Okay."

23. Mr. Druktenis stated "Good luck with your attorney."

24. Defendant fired Plaintiff on or about May 10, 2017.

25. Defendant fired Plaintiff for asserting his right to overtime premiums.

26. Counsel for Plaintiff has requested that the wage claim of Plaintiff be referred to his office from the Indiana Department of Labor in conjunction with the Indiana Attorney General's Office.

### III.   Cause of Action

**Count I**
**Failure to Pay Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201** *et. seq.*

27. Plaintiff incorporates paragraphs 1 through 26 by reference herein.

28. Plaintiff was an employee of Defendant pursuant to the FLSA.

29. Plaintiff's work for Defendant involved interstate commerce.

30. Defendant is an employer pursuant to the FLSA.

31. Defendant had gross revenues of at least $500,000.00 for the 2015 calendar year.

32. Defendant had gross revenues of at least $500,000.00 for the 2016 calendar year.

33. Defendant failed to properly pay overtime premiums for all overtime hours that Plaintiff worked during the course of his employment with Defendant.

34. Defendant's violations of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendants in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

BARKER HANCOCK & COHRON

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count II
## Indiana's Minimum Wage Statute

35. Plaintiff incorporates paragraphs 1 through 34 by reference herein.

36. Plaintiff was an employee of Defendant pursuant to Indiana's Minimum Wage Statute.

37. Defendant is an employer pursuant to Indiana's Minimum Wage Statute.

38. Defendant failed to properly pay overtime wages for all hours that Plaintiff worked during the course of his employment with Defendant.

39. Defendant's violations of Indiana's Minimum Wage Statute have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendants in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, compensatory damages, special damages, punitive damages, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully Submitted,

BARKER HANCOCK & COHRON

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count III
## Wage Claims Statute
### Wage Claim Statute, I.C. §22-2-9 *et. seq.*

40. Plaintiff incorporates paragraphs 1 through 39 by reference herein.

41. Defendant is an employer pursuant to the Wage Claims Statute.

42. Defendant failed to pay Plaintiff his wages due and owing in a timely fashion.

43. Defendant failed to pay Plaintiff his accumulated, pro-rata vacation time upon is separation from employment.

44. Plaintiff has been damaged by Defendant's violations of the Wage Claims Statute.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant for actual damages, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

BARKER HANCOCK & COHRON

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count IV
## FLSA Retaliation
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

45. Plaintiff incorporates paragraphs 1 through 44 by reference herein.

46. While working for Defendant, Plaintiff complained about not being paid any overtime premiums.

47. Defendant terminated Plaintiff for complaining about not being paid in accordance with Federal law.

48. Defendant's retaliatory termination of Plaintiff violates the FLSA.

49. Defendant's violations of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendants in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, compensatory damages, special damages, punitive damages, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully Submitted,

BARKER HANCOCK & COHRON

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### IV.    Jury Demand

50. Plaintiff incorporates paragraphs 1 through 49 by reference herein.

51. Plaintiff demands a trial by jury.

Respectfully submitted,

BARKER HANCOCK & COHRON

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Attorney for Plaintiff,
Brandon Zuranski

Barker Hancock & Cohron
198 South 9th Street
Noblesville, IN 46060
Tel: (317) 203-3000
E-mail: rweldy@bhclegal.com